Mr. Sam Ed Gibson Benton City Attorney Post Office Box 211 Benton, Arkansas 72018
Dear Mr. Gibson:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision to release certain records in the personnel file of a former City of Benton police officer in response to a request for such records is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§25-19-101 to -109 (Repl. 2002) and (Supp. 2003). You have enclosed a copy of the records at issue, some 195 pages, with certain redactions you have made and indicate that you believe these records, as redacted, are subject to release under the FOIA. You also note that the subject of the records objects to the release of the records.[1]
RESPONSE
In my opinion your decision is not entirely consistent with the FOIA. As is typical with records maintained in a personnel file, some of the records are properly classified as "personnel records" for purposes of the FOIA and some are properly classified as "employee evaluation or job performance records" under the Act. In my opinion, the records constituting "employee evaluation and job performance records" should not be released in this instance. In my opinion a review of the records in question does not reflect a "compelling public interest" in disclosure, which is a necessary prong of the test for the release of such records. In addition, with regard to the "personnel records" you have enclosed and redacted, there are a number of remaining redactions that will be necessary in order to comply with the FOIA. I will set out the relevant tests below and indicate with as much specificity as possible the respects in which your decision is not consistent with the FOIA.[2]
As noted above, personnel files typically contain both "personnel records" and "employee evaluation/job performance records." It is important to identify the correct classification of each record, because the FOIA sets forth different tests to govern the releasability of the two types of records.
Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Under the provisions of the FOIA, "personnel records" are subject to release except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).
In addition, the act itself lists several particular categories of exempt records, including medical records, education records and state income tax records, and also contains a "catch-all" exemption that incorporates all exemptions contained in "laws specifically enacted to provide otherwise." A.C.A. § 25-19-105(a)(1)(A) (Supp. 2003).
Turning to the records in question, it is my opinion that any "employee evaluation or job performance records" are not subject to release in this instance. In my opinion, as stated above, there is no evidence from a review of the records that a "compelling public interest in disclosure" exists in this instance.
As I recently stated in Op. Att'y. Gen. 2005-011:
 The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Leading commentators on the FOIA have provided some guidelines for determining whether such an interest exists. See Watkins and Peltz, The Arkansas Freedom of Information Act, m m press, 4th ed. 2004. The authors state: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins and Peltz, Id. at 205. Watkins and Peltz also point out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins and Peltz, Id. at 204-205. In this regard, Watkins and Peltz also state: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins and Peltz, Id. at 207. Watkins and Peltz also note that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins and Peltz, Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
Id. at 5.
I cannot conclude, after a bare review of the records you have enclosed, that there is any "compelling public interest" in release of the employee evaluation and job performance records in this instance. As a consequence, your decision to release these records is in my opinion inconsistent with the FOIA. These records include two job action letters, weekly progress reports, three job memos dated 9-22-96; 12-3-96; and 12-4-96, respectively, and an employee evaluation.
With regard to the remainder of the "personnel records," it is my opinion that a number of additional redactions are necessary in order to comply with the FOIA. Although you have made a number of redactions to withhold items such as social security number and home address, the records you propose to release still contain a number of documents and items of information that must be redacted. These redactions must be made either to comply with specific exemptions in the FOIA (e.g., medical records or education records); to comply with § 25-19-105(b)(12) (requiring redaction of items giving rise to a clearly unwarranted invasion of personal privacy); or to comply with other state or federal law under the "catch-all" exemption referred to above. Such redactions must include:
 1) Medical records under A.C.A. § 25-19-105(b)(2), including any letters from doctor's offices or hospitals containing medical information, medical questionnaires, results of psychological examinations and employment-related records containing medical information (see Op. Att'y. Gen. 2001-091; 2001-080; and 2000-226);
 2) Education records under A.C.A. § 25-19-105(b)(2), specifically including educational transcripts (see Op. Att'y. Gen. 2005-004);
 3) Scores received on employment related tests under § 25-19-105(b)(12) (see Op. Att'y. Gen. 2004-178);
 4) Driver's license numbers of public employees or other persons
appearing in law enforcement records, particularly where such number is also the person's social security number (see Op. Att'y. Gen. 2003-257
(discussing the federal "Drivers' Privacy Protection Act"));
 5) Insurance, retirement, and payroll deduction information under A.C.A. § 25-19-105(b)(12) (see Op. Att'y. Gen. 2003-320);
 6) Tax-related information under A.C.A. § 25-19-105(b)(1) and (b)(12) (see Op. Att'y. Gen. 2004-178; 2000-306; 99-016 and 96-363);
 7) Selected information from the "Personal History Statement" and the background check, including personal financial information contained therein and an un-redacted home address contained therein (see Op. Att'y. Gen. 2000-122);
 8) Certain Employment Security Department records under A.C.A. § 11-10-314 (a) (see Ops. Att'y. Gen. 2003-073 and 2001-040);
 9) Driver's license check/violations report and any other Arkansas Crime Information Center ("ACIC") records (see A.C.A. § 12-12-211 and Ops. Att'y. Gen. 2000-122 and 97-177); and
 10) Certain information contained in workers' compensation records (see Op. Att'y. Gen. 2003-168).
In my opinion, after the required redactions, the remaining records are subject to release under the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Correspondence attached with your request indicates that this objection means you "will have to seek the guidance of the Attorney General prior to release of any personnel records. . . ." I should note that A.C.A. § 25-19-105(c)(3)(B) confers a discretionary right upon either the custodian, requester, or the subject of the records to immediately seek an opinion from the Attorney General on whether the custodian's decision is consistent with the Act. See A.C.A. §25-19-105(c)(3)(B) ("[e]ither the custodian, requester, or the subject of the records may immediately seek an opinion . . . stating whether the decision is consistent with this chapter"). (Emphasis added.) The procurement of such an opinion is optional. See Ops. Att'y. Gen.2002-005, fn2 and 92-289.
[2] Because my conclusion is that at least some of the records should be properly withheld from public disclosure or redacted under the FOIA, I must necessarily be somewhat circumspect in my description of them in a published opinion from this office.